TOREY JOSEPH FAVAROTE (SBN: 198521)
DAVID H. DANNING (SBN: 354477)
GLEASON & FAVAROTE, LLP
3646 Long Beach Boulevard, Suite 203
Long Beach, CA 90807
(213) 452-0510 Telephone
(213) 452-0514 Facsimile
tfavarote@gleasonfavarote.com
ddanning@gleasonfavarote.com

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| RODOLFO HIDALGO, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 26CU003253C<br><br>**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Joel R. Wohlfeil<br>Dept: C-73<br><br>Action Filed: January 21, 2026<br>Trial Date: none |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant CoreCivic of Tennessee, LLC ("Defendant") answers the unverified Complaint ("Complaint") filed by plaintiff Rodolfo Hidalgo ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff or any purported class member has been injured in the amount or manner alleged, or in any other manner whatsoever. Defendant further denies, generally and specifically, that Plaintiff has suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's statutory claims are barred due to Plaintiff's failure to exhaust his administrative and/or contractual remedies.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of consent.

**NINTH AFFIRMATIVE DEFENSE**

9. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged herein, is barred by the doctrine of avoidable consequences.

**TENTH AFFIRMATIVE DEFENSE**

10. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of release.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As a separate and affirmative defense to Plaintiff's first cause of action, Defendant alleges that, even assuming *arguendo* that Plaintiff and/or the proposed class members were not paid minimum wages earned by Plaintiff and each proposed class member, Plaintiff and

the proposed class members are not entitled to recover liquidated damages because Defendant's alleged failure to comply with California Labor Code Section 1194 was in "good faith" and Defendant "had reasonable grounds for believing that the … omission was not a violation of any provision of the Labor Code relating to minimum wage."

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that it at all times has complied with its statutory obligation to pay wages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate and affirmative defense to Plaintiff's fifth cause of action alleging violations of California Labor Code Section 201-203, Defendant contends that the Complaint fails to state a claim for waiting time penalties, in that some of the members of the purported class did not resign or were not discharged prior to the filing of this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a separate and affirmative defense to Plaintiff's seventh cause of action alleging violations of California Labor Code Sections 2800-2802, Defendant contends that Plaintiff and the proposed class members he seeks to represent are not entitled to recover business expenses through a cause of action under Labor Code sections 2800-2802 to the extent they failed to request reimbursement for any allegedly unreimbursed reasonable and necessary business expenses.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant asserts that the certification of a class, as applied to the circumstances and facts of this case would constitute a denial of their due process rights in violation of the Fourteenth Amendment of the United States Constitution and the California Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, and although Defendant denies that it had committed or had

responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the U.S. Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution. Alternatively, any such penalty recovery must be reduced on these grounds.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant asserts that the Complaint is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is not an adequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; (d) the individualized nature of Plaintiff's claims make class treatment inappropriate; (e) that Plaintiff is subject to special unique defenses which threaten to preoccupy the litigation causing absent proposed class members to suffer; and (f) a class action is not a superior means to resolve the claims alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant asserts that the named Plaintiff lacks standing as a representative of the proposed classes.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a separate and affirmative defense to Plaintiff's complaint, Defendant asserts that some or all or certain hours claimed by Plaintiff's and the proposed class members are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. The claims of Plaintiff and the proposed class members fail in whole or in part because the damages (if any) associated with such claims are too speculative to be permitted.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that to the extent that a court holds that Plaintiff is entitled to damages or penalties, the Defendant is entitled to a set-off.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that Plaintiff and/or the proposed class members he seeks to represent would be unjustly enriched if they are awarded the relief he seeks, and such relief is therefore barred.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The complaint, and each cause of action therein, individually on behalf of Plaintiff and on behalf of the other current/former employees they purport to represent, is barred in whole or in part because Defendant's conduct was not willful.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. The complaint, on behalf of Plaintiff and all other current/former employees he purports to represent, is barred in whole or in part because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and hour laws and have a good faith legal defense to all claims.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. The complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. The complaint, and each cause of action therein, is barred, in whole or in part, based on one or more novations.

/ / /

/ / /

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Plaintiff cannot maintain a representative or class action because the proposed class members are not similarly situated nor is this case manageable.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. The complaint, and each cause of action therein, on behalf of Plaintiff and any other current/former employee Plaintiff seek to represent is barred, in whole or in part by the doctrine of fraud.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. The complaint, and each cause of action therein, on behalf of Plaintiff and any other current/former employee Plaintiff seeks to represent is barred, in whole or in part by the doctrine of res judicata and/or collateral estoppel to the extent claims have been adjudicated in other proceedings.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the claims of Plaintiff and any other current/former employees Plaintiff seeks to represent are preempted/barred by Section 301 of the Labor Relations Management Act, 29 U.S.C. § 185.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Answering Defendant reserves its right to assert additional affirmative defenses in the event discovery, legal proceedings or new statutory or decisional law arises during the pendency of this action should new facts or law arise.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant asserts that the Complaint does not describe the events and claims therein alleged with sufficient particularity to enable the Defendant to determine all of the defenses which may exist. Defendant therefore reserves the right to assert any and all defenses which may pertain to the Complaint once the precise nature of such events and claims are determined.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff and the proposed class members take nothing by his Complaint;

2. For judgment in favor of Defendant and against Plaintiff;

3. For judgment that Defendant did not harm Plaintiff or the proposed class members he seeks to represent in any way;

4. That the Complaint be dismissed in its entirety with prejudice;

5. For all expenses, including reasonable attorneys' fees;

6. For all cost of suit; and

7. For such other and further relief as the Court may deem just and proper.

Dated: April 7, 2026

GLEASON & FAVAROTE, LLP
TOREY JOSEPH FAVAROTE
DAVID H. DANNING

By: ______________________
David H. Danning

Attorneys for Defendant CORECIVIC, INC., CORECIVIC, LLC